782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARK A. MILLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN, SERVICES, Defendant-Appellee.
 85-5226
 United States Court of Appeals, Sixth Circuit.
 12/26/85
 
 BEFORE: KEITH and MILBURN, Circuit Judges and UNTHANK.*
 PER CURIAM:
 
 
 1
 Plaintiff, Mark A. Miller appeals from the district court's grant of summary judgment in favor of the Secretary. Miller filed an application for Social Security Disability Benefits on June 29, 1982 which was denied initially and upon consideration by the Secretary. An Administrative Law Judge (ALJ) heard the case on March 14, 1983, and denied benefits as well. The Appeals Council affirmed the ALJ's finding on August 3, 1983. We affirm on the ground that substantial evidence supports the Secretary's finding.
 
 
 2
 The facts reveal that appellant is a thirty year-old male, has a 12th-grade education, and has worked in the past as a utility meter reader, traffic controller, forklift operator, and security guard. He alleges disability due to broken bones in his back and both knees[1], and mental problems, namely an explosive personality. In addition, plaintiff used to have an alcohol problem, but it is under control now through visits to Alcoholic's Anonymous.
 
 
 3
 Medical reports of appellant do not support his contention that he is disabled. Not one doctor diagnosed appellant as totally disabled. To the contrary, prior to his September 1982 surgery, a physical examination by Dr. Glenn R. Noss (July 1982) indicated appellant walked well, without the aid of crutches, and did not appear to be limited in his activity. The record shows that by the time of the ALJ hearing in March 1983, appellant was recovering adequately from surgery: he reported he could walk between two and three blocks at one time, sit up to one and one-half hours, drive, do some light housework, and accompany his wife shopping.
 
 
 4
 In regard to the appellant's back ailment, he has a history of a compression fracture suffered in a sledding accident in December, 1977, but an examination in December 1981 by Dr. B.W. Fortner showed no bone or joint abnormalities. A report by Dr. Samuels, December 21, 1981, indicates that motion of his lumbar spine and all other joints was completely within normal limits.
 
 
 5
 Appellant's most significant impairment is his psychiatric status. The appellant has a history of paranoid type schizophrenic reaction, episodic dyscontrol, paranoid personality, and a character disorder. However, appellant's psychiatric status may have improved. A report by Dr. Weaver in January 1978 stated 'no psychiatric disorder'. Even the doctors who found a psychiatric disorder did not believe such disorder was so disabling as to preclude appellant from work. To the contrary, Dr. Bannash in his report of November 19, 1981, noted a personality disorder, yet recommended 'the best thing for this young man is that he be forced to obtain work and support himself.' Similarly, a report by Dr. Gutierrez, Oct. 26, 1982, stated 'His (appellant's) ability to maintain sustained work attendance will improve according to his motivation' and that there was no 'obvious impairment to interfere with his ability to understand and carry out simple instructions.'
 
 
 6
 The foregoing evidence establishes that the Secretary's findings were supported by substantial evidence. The scope of appellate review of a decision of the Secretary is limited to determining whether substantial evidence exists in the record to support that decision. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981). Finding that such evidence exists, we affirm accordingly.
 
 
 
 *
 Honorable G. Wix Unthank, United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Appellant underwent reconstructive left knee surgery in September, 1982, with no post operative complications